A. BRANCH et al. v. JOHN GALLOWAY.

*Agricultural Lien—Advancements—Landlord's Lien—Retaining Title.*

The defendant, a landlord, on January 1, 1887, rented out certain lands belonging to him and rented other lands from one W., who advanced supplies to him and sold him a mule, retaining title verbally as security for the purchase money. In January and July following, defendant made agricultural liens to plaintiffs, and, from time to time, received advancements thereon to cultivate both his own and his tenant's crops: *Held*—

1. That W. had a prior lien to plaintiffs for supplies advanced.

2. That, as it did not appear that the mule was a part of such supplies, there was a prior lien on the crop as to it, and W. could not retain the crops for its purchase money.

3. The use of the mule in the cultivation of the crops did not necessarily make it an advancement.

CIVIL ACTION, tried at Spring Term, 1889, of WILSON Superior Court, *Armfield, J.*, presiding.

105—13

The following " case agreed" was submitted to the Court for its judgment thereupon :

1. That on the first day of January, 1887, the defendant owned a tract of land in said county which he rented for that year to James Galloway, Henry Rodgers and Sampson Green, reserving to himself a certain portion of the crops to be made during said year as rent.

2. That on January 1, 1887, the defendant rent·d·from. J. T. Ward the land cultivated by defendant during the year 1887, and that said Ward furnished the defendant during the year 1887 with advances in merchandise to the amount of fifty dollars.

3. That on the said first day of January, 1887, the said Ward sold to defendant the mule in controversy for the sum of one hundred and fifty dollars, retaining title to same as security for the payment of the purchase money, and which mule the defendant used in the cultivation and saving of the crops raised upon the lands of the said Ward.

That said sale and agreement between Ward and defendant were not made in writing.

4 That on the 24th day of January, 1887, the defendant executed to plaintiffs an agricultural lien, and on June 2, 1887, the defendant executed to plaintiffs another agricultural lien.

5. That plaintiffs advanced to the defendant, before the 20th day of July, 1887, merchandise and supplies, which were expended in the cultivation and saving the crops raised upon the lands of the said Ward and defendant, to the amount of three hundred and seventy-one one-hundredths dollars.

6. That plaintiffs received, during the said year 1887, all the crops and personal property conveyed in said above-mentioned agricultural liens (except the corn, fodder and cotton seed used by the defendant in making the crops raised during the year 1887, and the crops retained by the defend-

ant's landlord, J. T. Ward, and hereinafter referred to), to the amount of $213.71.

7. That on or about the 10th day of December, 1887, the said Ward retained of the crop raised by defendant during said year enough to pay him the sums due by defendant for said mule and the advancements referred to in paragraph 2, and delivered the balance of said crops to plaintiffs.

8. That the defendant has not five hundred dollars' worth of personal property.

9. That in January, 1888, plaintiffs instituted this action in this Court for the recovery of said mule, and seized him by process of claim and delivery in the hands of the Sheriff.

Wherefore, the plaintiffs insist that they have a right to be subrogated to the rights of J. T. Ward in said mule, and are the owners and entitled to possession of the same.

The defendant insists that he has a right to said mule as a part of his personal property exemption, and denies the right of plaintiffs to any interest in, claim upon, or right to said mule whatever.

The Court gave judgment in favor of the plaintiffs, and the defendant, having excepted, appealed.

*Mr. F. A. Woodard* (by brief), for plaintiffs.
*Mr. J. D. Bardin* (by brief), for defendant.

MERRIMON, C. J.—after stating the case: The agricultural liens of the plaintiffs seem to partake of the nature of chattel mortgages, but they do not embrace the mule in question, and we are unable to see any ground upon which they can sustain their claim to it. Their liens do embrace the defendant's crops, but as to the crops produced upon the land the defendant leased from Ward, they were subject to his prior first lien as landlord. The landlord, as to the land he let to the defendant, had a first lien upon the crop produced

thereon to secure the rents and advancements made by him to make the crop. The mule, although it was used in cultivating the crop, was not necessarily, on that account, such an advancement, nor does it appear that it was such. On the contrary, it appears that it was not such. It is expressly stated that Ward sold it to the defendant, retaining the title "as security for the payment of the purchase money," and this might be done, though the mule was really an advancement. If it was intended to be, and treated as an advancement to aid in making the crop, this should distinctly appear. Whether such sale was valid or not, the landlord had no lien upon the crop of his tenant for the price of the mule, unless it was, in fact, an advancement, or he had a mortgage of the crop to secure the same. It does not appear that it was the former, nor that he had such mortgage. Ward had no lien on the crop as to the price of the mule, and, therefore, no right to take so much of the crop as would suffice to pay it, and the defendant had no right to pay the same with part of the crop until the plaintiffs' liens on it were discharged. That the defendant did so could not have the effect to put the title to the mule in the plaintiffs. They had no such title acquired by purchase, gift, judgment or decree of a Court, or otherwise. At most, they had only an equitable right; and if it be granted that they might follow the crop, as contended by their counsel, this is not an action for that purpose, but for the purpose of recovering the mule, specifically, as their property.

There is error. The judgment must be set aside, and judgment entered for the defendant.

                                                    Error.